**FORFEITURE ADDENDUM**

**United States v. Jon Renee Peart, 19CR0585-AJB**

Defendant's conviction will include forfeiture. This forfeiture addendum is incorporated into and part of Defendant's plea agreement, and the additional terms and warnings below apply.

A. <u>Penalty</u>. In addition to the penalties in the plea agreement, federal law states Defendant must forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of the offense.

B. <u>Property Subject to Forfeiture</u>. As part of Defendant's guilty plea to Count 1 of the Information, as set forth in section I of the plea agreement, Defendant agrees to forfeit all property seized in connection with this case, including but not limited to:

    (1)   .45 caliber Ruger model P90 handgun; and

    (2)   rounds of .45 ammunition.

C. <u>Basis of Forfeiture</u>. Defendant owns all the property in paragraph B and admits such property represents firearms and ammunition involved in the commission of the offense and is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

D. <u>Immediate Entry of Preliminary Order of Forfeiture</u>. Defendant consents and agrees to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea. Defendant agrees that upon entry of the preliminary order of forfeiture, such order shall be final as to Defendant's interests in the properties. Defendant agrees to immediately withdraw any claims in pending administrative or civil

Forfeiture Addendum

Def. Initials JP

19CR0585-AJB

forfeiture proceedings to properties seized in connection with this case that are directly or indirectly related to the criminal conduct. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process. Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility.

E. <u>Entry of Orders of Forfeiture and Waiver of Notice</u>. Defendant consents and agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s).

F. <u>Waiver of Constitutional and Statutory Challenges</u>. Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps

as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding.

G. <u>Agreement Survives Defendant; No Forfeiture Abatement</u>. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

ROBERT S. BREWER, JR.
United States Attorney

4/2/19
DATED

MATTHEW BREHM
Assistant U.S. Attorney

4/1/19
DATED

FRANK T. MORELL
Defense Counsel

4/1/19
DATED

JON RENEE PEART
Defendant

Forfeiture Addendum                        3                      Def. Initials JP
                                                                  19CR0585-AJB